USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/22/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                    :
AHMADOU SANKARA,                                    :
                                                    :
                            Plaintiff,              :
                                                    :           15-CV-6928 (VSB)
            -v-                                     :
                                                    :           **OPINION & ORDER**
THE CITY OF NEW YORK, et al.,                       :
                                                    :
                            Defendants.             :
                                                    :
------------------------------------------------------X

Appearances:

Ahmadou Sankara
Rome, New York
*Pro se Plaintiff*

Tucker Christian Kramer
Laura Anne Delvecchio
Austa Starr Devlin
Heidell, Pittoni, Murphy & Bach, LLP
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

       Plaintiff Ahmadou Sankara brings this action pro se pursuant to 42 U.S.C. § 1983 against Deborah Mateo ("Mateo"), a medical professional at the Vernon C. Bain Center ("VCBC"), and the City of New York (the "City," and together with Mateo, "Defendants"), alleging that Defendants were deliberately indifferent to his medical needs.[1]  Before me is Defendants' motion

---

[1] Plaintiff also names "D.O.C. Captain John Doe" as a defendant. (Doc. 65.)  Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  In the instant action, as outlined below in Part II, Plaintiff has been provided ample opportunity to identify the John Doe defendant, and Plaintiff has not shown good cause for his failure to serve him.  Accordingly, I dismiss without prejudice all claims against this defendant.  *See Jones v. Mack*, No. 08 Civ. 6089(BSJ)(KNF), 2012

to dismiss Plaintiff's Fifth Amended Complaint or, in the alternative, for summary judgment. (Doc. 68.) Because Plaintiff's allegations related to Mateo are insufficient to state a claim of deliberate indifference, and Plaintiff fails to allege that his injuries were the result of a municipal policy, custom, or practice, Defendants' motion to dismiss is GRANTED.

Although Plaintiff's Fifth Amended Complaint could be read to allege claims of medical malpractice and negligence under New York law, I am dismissing all of the federal claims before me and to the extent that Plaintiff's claims could be read to assert state law claims they are DISMISSED WITHOUT PREJUDICE.

I. **Background**[2]

Plaintiff is currently incarcerated at Mohawk Correctional Facility in Rome, New York. (Doc. 46.) As of at least July 10, 2014, Plaintiff was a pretrial detainee at VCBC, a detention center located in the Bronx, New York. (Fifth Am. Compl. 2.)[3] Prior to being placed in his designated housing unit at VCBC, Plaintiff was subjected to a medical examination. (*Id.* at 3.) Plaintiff informed the medical staff that he was originally from Africa, that he had been in the United States since 2001, and that he was taking medication for HIV. (*Id.*)

Plaintiff claims that during the examination he was misdiagnosed with tuberculosis and hepatitis B. (*Id.* at 2–5.) As a result, Plaintiff alleges that he was forced to take two different medications: an injection for hepatitis B and INH for tuberculosis. (*Id.*) Plaintiff was told he

---

WL 386269, at *6 (S.D.N.Y. Feb. 3, 2012).

[2] I assume Plaintiff's allegations contained in the Fifth Amended Complaint, (Doc. 65), to be true for purposes of this motion. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002). However, my references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[3] "Fifth Am. Compl." refers to the Fifth Amended Complaint, filed on May 30, 2017. (Doc. 65.) Plaintiff's Fifth Amended Complaint does not provide one continuous set of page or paragraph numbers. Therefore, all references to the Fifth Amended Complaint will be to the numerical page numbers given to it by the Court's Electronic Case Filing system.

would not be placed in the VCBC general population unless he took the medications. (*Id.*) Plaintiff asserts that Mateo, who he claims is an unlicensed medical doctor, prescribed him the medications. (*Id.* at 4.) With regard to the John Doe Captain, Plaintiff merely states that he "escort[ed] me every day to the medical [ward]." (*Id.* at 2, 7.)

Plaintiff claims that the medications caused him to repeatedly throw up blood, leading to numerous visits to the medical ward, and liver damage. (*Id.* at 2–5.) Plaintiff was eventually taken to Bellevue Hospital where he was given "a gallon of water medicine," and examined by hospital staff who inspected the inside of his stomach with a camera. (*Id.* at 3.) Plaintiff asserts that the staff at Bellevue Hospital told him not to take the medication he was given at VCBC in the future. (*Id.* at 3–4.)

## II. **Procedural History**

Plaintiff commenced this action on September 1, 2015 by filing a Complaint that named VCBC and a doctor employed by VCBC as defendants but that contained no factual background or allegations. (Doc. 2.) On September 25, 2015, Chief Judge Loretta Preska, to whom this case was previously assigned, granted Plaintiff leave to amend his Complaint. (Doc. 6.) On October 2, 2015, Plaintiff filed an Amended Complaint that apparently concerned allegations related to another pro se action brought by Plaintiff in this Court. (Doc. 7.) On November 23, 2015, Judge Preska granted Plaintiff leave to amend his Amended Complaint. (Doc. 9.) On December 22, 2015, Plaintiff filed a Second Amended Complaint against VCBC and a John Doe doctor alleging that in July 2014 he was given medications that caused him liver damage. (Doc. 10.)

On March 4, 2016 this case was reassigned to me. On March 7, 2016, I dismissed the claims against VCBC and ordered the City of New York to be named in its place. (Doc. 14.) I also directed the New York City Department of Corrections to identify the John Doe defendant,

and directed Plaintiff to file a third amended complaint naming the John Doe defendant. (*Id.*)

On March 25, 2016, Plaintiff filed his Third Amended Complaint naming The City of New York and a John Doe doctor as defendants and alleging that he received medications that caused him liver damage and required treatment at Bellevue Hospital. (Doc. 18.)

On May 4, 2016, counsel for the City of New York indicated that they were unable to identify the John Doe physician named in the Second Amended Complaint. (Doc. 22.) As a result, I directed the City of New York to send Plaintiff a copy of his medical files, and directed Plaintiff to submit a letter providing any additional information that might assist the City with identifying the John Doe defendant. (Doc. 23.) On May 13, 2016, counsel for the City sent Plaintiff a copy of his 2014 medical files. (Doc. 27.)

On May 23 and June 13, 2016, Plaintiff submitted applications to me requesting pro bono counsel, (Docs. 24, 28), which I denied without prejudice on May 25 and June 15, 2016, respectively, (Docs. 26, 29).

On July 22, 2016, I again ordered Plaintiff to review the medical files provided by the City, and to file a letter providing additional identifying information regarding the John Doe defendant. (Doc. 32.) In a letter dated August 24, 2016, Plaintiff identified the John Doe defendant as Mateo. (Doc. 34.) On October 24, 2016, pursuant to my March 7 Order, I directed Plaintiff to file a fourth amended complaint naming Mateo as a defendant. (Doc. 39.) On November 14, 2016, Plaintiff filed his Fourth Amended Complaint against Mateo and the City of New York, and adding "D.O.C. Captain John Doe" as a defendant. (Doc. 41.)

On February 15, 2017, Defendants filed a letter seeking permission to move to dismiss Plaintiff's claims, (Doc. 56), which Plaintiff opposed on February 22, (Doc. 59). I held a pre-motion conference on April 28, 2017, during which Plaintiff indicated that there were additional

4

facts not alleged in his Fourth Amended Complaint that supported his claim of deliberate indifference. (Doc. 81.) Following the conference, I granted Plaintiff's request to amend his Fourth Amended Complaint prior to the filing of Defendants' motion to dismiss. (Doc. 61.) Plaintiff filed his Fifth Amended Complaint on May 30, 2017, again naming Mateo, D.O.C. Captain John Doe, and the City of New York as defendants.[4] (Doc. 65.) On June 20, 2017, counsel for Defendants submitted a letter requesting a one week extension of time to file their motion to dismiss, (Doc. 66), which I granted, (Doc. 67).

On June 28, 2017, Defendants filed their motion to dismiss, (Doc. 68), along with the declaration of Tucker C. Kramer with exhibits, (Doc. 69), and memorandum of law in support, (Doc. 70). On July 14, 2017, Plaintiff filed an opposition to the motion. (Doc. 72.) On August 25, 2017, Defendants filed their reply, (Doc. 76), and the reply declaration of Tucker C. Kramer with exhibits, (Doc. 80), at which point the motion was fully briefed.

### III. Legal Standards

#### A. *Rule 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations:

---

[4] Plaintiff refers to and relies upon his medical records from Correctional Health Services, but does not attach the records to his Fifth Amended Complaint. Defendants attach certain of these records as an exhibit to their reply affirmation in support of their motion to dismiss; therefore, these records are properly before me. *See infra* Part III.A.

5

the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Finally, in deciding a motion to dismiss, a court may consider documents quoted in or attached to the complaint, or that the plaintiff either possessed or knew about and relied upon in bringing the claims. *See Rothman v. Gregor*, 220 F.3d 81, 88–89 (2d Cir. 2000); *San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 808 (2d Cir. 1996).

### B. *Pro Se Litigant*

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (internal quotation marks omitted). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (internal quotation marks omitted). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations.

*See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, the "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

## IV. Discussion

Defendants move to dismiss Plaintiff's claims against both Mateo and the City. Defendants argue that Plaintiff's allegations related to Mateo are insufficient to state a claim for deliberate indifference and that Plaintiff fails to allege that his injuries were the result of a municipal policy, custom, or practice. I address each argument in turn.

### A. *Individual Liability*

#### 1. Applicable Law

"Section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Section 1983 does not establish substantive rights, but it provides a means of redress for the deprivation of rights established elsewhere. *Id.* "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [§] 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (internal quotation marks omitted); *accord Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001).

To state a claim for deliberate indifference to serious medical needs against an individual defendant under § 1983, a pretrial detainee must satisfy a two-pronged test: "[f]irst, the alleged deprivation of adequate medical care must be sufficiently serious. Second, the defendant must act with a sufficiently culpable state of mind." *Davis v. McCready*, No. 1:14-cv-6405-GHW, 2017 WL 4803918, at *4 (S.D.N.Y. Oct. 23, 2017) (internal citations and quotation marks

omitted). Deliberate indifference claims, when brought by pretrial detainees, "are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment," because "pretrial detainees have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (internal quotation marks omitted).

Until recently, the second, or mens rea, prong—the defendant's "sufficiently culpable state of mind"—was assessed subjectively for claims brought under both the Eighth and Fourteenth Amendments. *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) ("The second requirement is subjective: the charged officials must be subjectively reckless in their denial of medical care."). Consistent with that view, to satisfy the second prong of a claim for deliberate indifference to serious medical needs, a pretrial detainee was required to demonstrate "that the government-employed defendant disregarded a risk of harm to the plaintiff *of which the defendant was aware*." *Caiozzo v. Koreman*, 581 F.3d 63, 71 (2d Cir. 2009) (emphasis added). However, the Second Circuit recently held that the Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), altered the standard for deliberate indifference claims under the Due Process Clause. *Darnell*, 849 F.3d at 30. In light of *Kinsley*, the Second Circuit held:

> [T]o establish a claim for deliberate indifference to conditions of confinement under the Due Process Clause of the Fourteenth Amendment, the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.

*Id.* at 35; *see also Lloyd v. City of New York*, 246 F. Supp. 3d 704, 719 (S.D.N.Y. 2017). In other

8

words, the mens rea prong of a deliberate indifference claim is defined objectively. *Darnell*, 849 F.3d at 35.

Finally, "not every lapse in prison medical care will rise to the level of a constitutional violation," *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003), and any § 1983 claim for a violation of due process "requires proof of a mens rea greater than mere negligence," *Darnell*, 849 F.3d at 36.

### 2. Analysis

For purposes of this motion, Defendants do not concede but do not contest, pursuant to the first prong of the deliberate indifference test, that Plaintiff's asserted deprivation was "sufficiently serious." (Defs.' Mem. 6).[5] Rather, Defendants contend that Plaintiff failed to sufficiently plead facts to satisfy the second prong that requires that Mateo acted with the requisite mens rea. (*Id.*) Even assuming that Plaintiff has satisfied the first objective prong, I agree with Defendants and find that Plaintiff failed to satisfy the mens rea prong.

Plaintiff does not allege that Mateo knew or should have known that the hepatitis B and tuberculosis medications posed an excessive risk to his health or safety, and fails to allege any facts suggesting that Mateo acted recklessly. Plaintiff merely states that upon his arrival at VCBC he underwent an initial medical examination, that (1) he was told that he needed to receive certain medications before he could be placed in the general population, (2) Mateo—who was not a licensed physician—prescribed him those medications, (3) he became ill on several occasions after taking the medications, (4) he was taken to Bellevue Hospital where members of the hospital staff saved his life, and (5) he was told by someone at Bellevue Hospital not to take

---

[5] "Defs.' Mem." refers to Memorandum of Law in Support of Defendants' Motion to Dismiss, filed June 28, 2017. (Doc. 70.)

9

the medications he was given at VCBC in the future. (Fifth Am. Compl. 2–5.) These bare allegations are insufficient to meet the mens rea element of a deliberate indifference claim.[6] *See Grimmett v. Corizon Med. Assocs. of N.Y.*, No. 15-CV-7351 (JPO) (SN), 2017 WL 2274485, at *5 (S.D.N.Y. May 24, 2017); *Feliciano v. Anderson*, No. 15-CV-4106 (LTS) (JLC), 2017 WL 1189747, at *13 (S.D.N.Y. Mar. 30, 2017); *cf. Youngblood v. City of New York*, Nos. 15-CV-3541 (RA), 16-CV-6100 (RA), 2017 WL 3176002, at *4 (S.D.N.Y. July 24, 2017) (finding that plaintiff stated a claim for deliberate indifference because he alleged that defendant *knew* plaintiff needed to remain at the hospital for surgery yet conspired to forge medical release documents and failed to return plaintiff to the hospital for surgery); *Cuffee v. City of New York*, No. 15 Civ. 8916 (PGG) (DF), 2017 WL 1134768, at *5–6 (S.D.N.Y. Mar. 27, 2017) (denying motion to dismiss where complaint alleged sufficient facts to suggest that the risk to plaintiff's safety "was obvious"); *Villafane v. Sposato*, No. CV 16-3674 (JFB) (AKT), 2017 WL 4179855, at *21–22 (E.D.N.Y. Aug. 22, 2017) (finding plausible allegations to satisfy the mens rea prong where plaintiff alleged that defendants "were fully aware" that plaintiff required immediate surgery yet delayed treatment and did not produce plaintiff for surgery). Plaintiff has, at most,

---

[6] Plaintiff's allegations that Mateo prescribed him medications as an unlicensed physician might, if true, constitute reckless behavior under the second prong of the deliberate indifference test. *See, e.g.*, *Colon v. Cnty. of Nassau*, No. 12-CV-4466 (JS)(SIL), 2014 WL 4904692, at *8 (E.D.N.Y. Sept. 26, 2014); *cf. Pope v. Swanston*, No. 87 C 3530, 1990 WL 152559, at *3 (E.D.N.Y. Oct. 1, 1990) ("Swanston's then lack of a license raises a different question, but in the absence of evidence that plaintiff had a 'serious' need for psychological therapy, or received deficient therapy for his needs as a result, the court determines this circumstance does not support a federal claim."). However, the medical records that Plaintiff cites to and relies on in his Fifth Amended Complaint contradict his claim. First, I note that Plaintiff relied on the medical records to identify Mateo, and without them Plaintiff had failed to identify Mateo. Second, the records indicate that Mateo was a Patient Care Assistant ("PCA"), rather than a medical doctor. (*See generally* Medical Records.) Third, there is no indication in the records that Mateo prescribed Plaintiff any medications. Rather, the records indicate that Mateo was only involved with tasks such as the taking of Plaintiff's height, weight, blood pressure, and temperature, and drawing blood for testing. (*Id.*) Fourth, there are no allegations in the Fifth Amended Complaint or in the medical records that Mateo—assuming she prescribed the medications at issue to Plaintiff—knew or had reason to know that the medications Plaintiff claimed he was prescribed would make him gravely or seriously ill. (*Id.*) Finally, there is no indication in the medical records that Mateo even provided or handed any medications to Plaintiff. (*Id.*) "Medical Records" refers to excerpts of Plaintiff's medical records from Correctional Health Services related to Plaintiff's interactions with Mateo, attached as Exhibit A to the Declaration of Tucker C. Kramer in Support of Motion to Dismiss. (Doc. 80.)

alleged that Mateo was negligent, but negligence alone is insufficient to make out a deliberate indifference claim. *See Darnell*, 849 F.3d at 36. Accordingly, Plaintiff's claims against Mateo must be dismissed.

### B. *Municipal Liability*

#### 1. Applicable Law

A municipality may be held liable under § 1983 only if a plaintiff's injury is the result of municipal policy, custom, or practice. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipality cannot be held liable solely "by application of the doctrine of *respondeat superior*." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986). At the pleading stage, a plaintiff "must give a factual description of such a policy, not just bald allegations that such a thing existed." *Bess v. City of New York*, No. 11 Civ. 7604(TPG), 2013 WL 1164919, at *2 (S.D.N.Y. Mar. 19, 2013). In particular, a plaintiff must allege "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (internal quotation marks omitted). Where a plaintiff seeking to impose municipal liability pursuant to *Monell* fails to identify an official policy or custom, the claim for municipal liability must be dismissed. *Bess*, 2013 WL 1164919, at *2.

Generally, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks omitted). In addition, municipal liability must be based on an underlying constitutional violation, and where there is none, the municipal claims are properly dismissed. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its

decision not to address the municipal defendants' liability under *Monell* was entirely correct.").

2. **Analysis**

Because I find that Plaintiff has failed to state a constitutional violation, Plaintiff's claims against the City of New York must be dismissed. However, even if there was an underlying Fourteenth Amendment violation, Plaintiff's claims against the City would still fail because nowhere in the Fifth Amended Complaint does Plaintiff identify any municipal policy, custom, or practice that violated his civil rights and caused him to suffer injury. Rather, Plaintiff simply states that, upon his arrival at VCBC, he underwent an examination and was given an injection and medication for hepatitis B and tuberculosis. Plaintiff's allegations relate to a single incident of being misdiagnosed and prescribed the wrong medication, and the law is clear that a "single incident of errant behavior is an insufficient basis for finding that a municipal policy caused plaintiff's injury." *Sarus v. Rotundo*, 831 F.2d 397, 402–03 (2d Cir. 1987). Thus, even under a liberal reading of the Fifth Amended Complaint, Plaintiff has failed to state a valid claim for municipal liability.

**C.** *State Law Claims*

Plaintiff's Fifth Amended Complaint may also plausibly be read to assert a cause of action for medical malpractice and negligence under New York state law. Here, however, my exercise of jurisdiction over any New York state claims would be supplemental, since all claims over which I have original jurisdiction have been dismissed. A district court "may decline to exercise supplemental jurisdiction over a claim" once it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward

declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Indeed, "when federal claims are dismissed early in the litigation . . . dismissal of state law claims is appropriate." *Karmel v. Liz Claiborne, Inc.*, No. 99 Civ.3608IWK), 2002 WL 1561126, at *3 (S.D.N.Y. July 15, 2002) (internal quotation marks omitted).

I have dismissed the only claims over which I had original jurisdiction. As a result, to the extent Plaintiff seeks to bring medical malpractice or negligence claims under New York state law against any of the Defendants, I decline to exercise jurisdiction over those claims. Those claims are dismissed without prejudice to re-filing in state court.

### D. *Dismissal Without Prejudice*

Complaints brought pro se typically are dismissed without prejudice. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (stating that unless there is no indication that the pro se plaintiff will be able to assert a valid claim giving rise to subject matter jurisdiction, leave to amend should be given); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999) (per curiam) (noting that a court "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated" (internal quotation marks omitted)). Although Plaintiff has already amended his complaint numerous times, I see no reason to deviate from the normal practice in this case. Accordingly, Plaintiff's claims are dismissed without prejudice.

### V.     Conclusion

For the reasons stated herein, Defendants' motion to dismiss, (Doc. 68), is GRANTED and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to the pro se Plaintiff and close this case.

SO ORDERED.

Dated: February 22, 2018
New York, New York

Vernon S. Broderick
United States District Judge