UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
AHMADOU SANKARA, :
:
                       Plaintiff, :
: 15-CV-6928 (VSB)
       -v- :
: **OPINION & ORDER**
THE CITY OF NEW YORK, et al., :
:
                      Defendants. :
:
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/2019

Appearances:

Ahmadou Sankara
Rome, New York
*Pro se Plaintiff*

Tucker Christian Kramer
Laura Anne Delvecchio
Austa Starr Devlin
Heidell, Pittoni, Murphy & Bach, LLP
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Ahmadou Sankara, proceeding pro se, commenced the instant action pursuant to 42 U.S.C. § 1983 against Deborah Mateo ("Mateo"), a medical professional at the Vernon C. Bain Center ("VCBC"), and the City of New York (the "City," and together with Mateo, "Defendants"), alleging that Defendants were deliberately indifferent to his medical needs. Before me is Plaintiff's motion for reconsideration, filed pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 86.) Plaintiff requests that I reconsider my February 22, 2018 Opinion & Order ("February Opinion"), in which I granted Defendants' motion to dismiss without prejudice. (Doc. 83.) Because I find that there is no basis for me to reconsider my February

Opinion, Plaintiff's motion is DENIED.

## I.     Background and Procedural History[1]

On March 9, 2018, approximately two weeks after I issued my February Opinion, Plaintiff submitted a letter styled as a motion for reconsideration. (*See* Doc. 86.) Defendants did not object, or otherwise respond, to Plaintiff's letter motion.

## II.    Applicable Law

Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) provides 'extraordinary judicial relief' and can be granted 'only upon a showing of exceptional circumstances.'" *Kubicek v. Westchester Cty.*, No. 08 Civ. 372(ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). This necessarily means that the standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d

---

[1] For purposes of this Opinion & Order, I assume familiarity with the factual and procedural background of the action and incorporate by reference the background detailed in my February Opinion.

17, 19 (S.D.N.Y. 2005). Nor is a motion for reconsideration a time to "advance new facts, issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal quotation marks omitted).

The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Moreover, "[t]he moving party bears the burden of proof." *Freedom, N.Y., Inc. v. United States*, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

### III. Discussion

Construing Plaintiff's motion for reconsideration as raising the strongest argument that it suggests in light of his pro se status, *see, e.g.*, *Olle v. Columbia Univ.*, 332 F. Supp. 2d 599, 607 (S.D.N.Y. 2004), there is no basis upon which to grant reconsideration of the February Opinion. Plaintiff does not base his motion on a cognizable claim of "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), newly discovered evidence, Fed. R. Civ. P. 60(b)(2), or fraud, Fed. R. Civ. P. 60(b)(3). Because Plaintiff has not shown that the February Opinion is "inconsistent with due process of law" or that jurisdiction was lacking, Rule 60(b)(4) is also inapplicable. *See Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006) ("A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." (internal quotation marks omitted)). Furthermore, Rule 60(b)(5)—which permits reconsideration when a "judgment has been satisfied, released or discharged" when "it is based on an earlier judgment that has been reversed or vacated" or

3

"applying it prospectively is no longer equitable"—is plainly inapplicable. *See, e.g.*, *Ross v. Cooper*, No. 90 Civ. 304(PGG), 2008 WL 5062727, at *3–4 (S.D.N.Y. Nov. 24, 2008).

Lastly, Plaintiff cannot obtain relief under Rule 60(b)(6)—the catch-all provision that permits reconsideration for "any other reason that justifies relief"—because he has failed to demonstrate "'extraordinary circumstances' or 'extreme hardship.'" *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) ("It is well established, however, that a 'proper case' for Rule 60(b) relief is only one of 'extraordinary circumstances,' or 'extreme hardship.'"). In support of the instant motion, Plaintiff does not contend that the February Opinion erred in its description of the facts, the issues, or the law. *See Mt. McKinley Ins. Co. v. Corning Inc.*, No. 02 Civ. 5835 DLC, 2003 WL 21380493, at *2 (S.D.N.Y. June 16, 2003) (denying Rule 60(b)(6) motion where movant did "not argue that the [underlying] opinion erred in its description of the facts, the issues, or the law"). Plaintiff merely reiterates the same facts and claims that he outlined in his original motion papers, and that I considered before issuing the February Opinion. *See Associated Press*, 395 F. Supp. 2d at 19. Plaintiff's restated claims and assertions do not constitute highly convincing evidence of "extraordinary circumstances" or "extreme hardship" that might justify reconsideration. *See Mt. McKinley Ins. Co.*, 2003 WL 2138049, at *2.

Accordingly, because Plaintiff has failed to demonstrate any grounds for relief pursuant to Federal Rule of Civil Procedure 60(b), his motion must be denied.

## IV. Conclusion

For the reasons stated above, Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to the pro se Plaintiff.

SO ORDERED.

Dated: February 11, 2019
        New York, New York

Vernon S. Broderick
United States District Judge