UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

        :

AHMADOU SANKARA,        :

        :

        Plaintiff,    :

        :

    - against -    :

        :

        :

THE CITY OF NEW YORK, et al.,    :

        :

        Defendants.  :

        :

-----------------------------------------------------------X

15-CV-6928 (VSB)

**OPINION & ORDER**

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 4/23/2020

Appearances:

Ahmadou Sankara
Batavia, New York
*Pro se Plaintiff*

Adria Jasmine Bonillas
Melissa Wachs
New York City Law Department
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Ahmadou Sankara, proceeding pro se, commenced the instant action pursuant to

42 U.S.C. § 1983 against Deborah Mateo ("Mateo"), a medical professional at the Vernon C.

Bain Center ("VCBC"), and the City of New York (the "City," and together with Mateo,

"Defendants"), alleging that Defendants were deliberately indifferent to his medical needs.

Before me is Plaintiff's motion for reconsideration, filed pursuant to Federal Rule of Civil

Procedure 60(b), of my February 11, 2019 Opinion & Order denying Plaintiff's first motion for

reconsideration ("February 2019 Opinion" or "Feb. 2019 Op."). Because the Second Circuit has

already reviewed the February 2019 Opinion, I lack jurisdiction to reconsider it and Plaintiff's

motion is DENIED.

I.      **Background and Procedural History**[1]

On February 22, 2018, I issued an Opinion & Order granting Defendants' motion to

dismiss this case on the grounds that (1) Plaintiff's allegations related to Mateo did not satisfy

the mens rea requirement of a Fourteenth Amendment deliberate indifference claim, and (2)

Plaintiff failed to allege that his injuries were the result of a municipal policy, custom, or

practice.  (Feb. 2019 Op. 8.)  On March 9, 2018, Plaintiff filed a letter styled as a motion for

reconsideration, in which he principally rehashed the facts and claims outlined in his original

motion papers.[2]  (Doc. 86.)  By Opinion & Order dated February 11, 2019, I denied that motion

because Plaintiff had failed to demonstrate any grounds for relief pursuant to Federal Rule of

Civil Procedure 60(b).  (Doc. 92.)  On February 22, 2019, Plaintiff filed a notice of appeal from

the February 2019 Opinion, which the Second Circuit dismissed by summary order on October

11, 2019 because it "lack[ed] an arguable basis either in law or in fact."  (Doc. 97.)  On July 30,

2019, several months after filing his notice of appeal and while the appeal was pending before

the Second Circuit, Plaintiff filed a notice of motion for reconsideration and declaration.  (Doc.

95–96.)

II.     **Legal Standards**

Under Rule 60(b), the court may relieve a party from a final judgment, order or

proceeding in certain limited circumstances.  Fed. R. Civ. P. 60(b).  However, "the law of the

---

[1] I assume familiarity with the factual and procedural background of the action.  Accordingly, this section
incorporates by reference the background detailed in my February 2018 Opinion, and summarizes only the relevant
procedural history since the issuance of the February 2018 Opinion.
[2] In addition to filing his letter motion for reconsideration of the February 2018 Opinion, Plaintiff also filed an
appeal of the February 2018 Opinion.  (Doc. 85.)  The Second Circuit dismissed that first appeal by summary order
because the filing of the motion for reconsideration deprived the Circuit of jurisdiction.  (Doc. 94.)

case doctrine forecloses reconsideration of issues that were decided . . . during prior

proceedings" in the same case.  *United States v. Williams,* 475 F.3d 468, 471 (2d Cir. 2007).

A district court therefore "lacks jurisdiction to consider a Rule 60(b) motion in a case that has

been reviewed on appeal unless the motion for reconsideration is based on 'later events' or a

'change in circumstances' not previously considered by the appellate court."  *Manolis v.*

*Brecher*, 634 F. App'x 337, 338 (2d Cir. 2016) (quoting *DeWeerth v. Baldinger*, 38 F.3d 1266,

1270–71 (2d Cir. 1994)).

### III.    <u>Discussion</u>

Plaintiff purportedly seeks "reconsideration due . . . upon this Court Order February 11,

2019, concerning this court order February 22, 2018, opinion."  (Pl.'s Mot. 3.)[3]  However,

Plaintiff already appealed the February 2019 Opinion, and the Second Circuit dismissed that

appeal on the merits.  (*See* Doc. 97 ("[Plaintiff's] appeal is DISMISSED because 'it lacks an

arguable basis either in law or in fact.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)

and citing 28 U.S.C. § 1915(e)).  Plaintiff has not asserted any "later events or a change in

circumstances not previously considered by the appellate court."  *Manolis*, 634 F. App'x at 338.

Therefore, under the law-of-the-case doctrine, I do not have jurisdiction to consider Plaintiff's

motion.  *See id.*; *see also Fine v. Bellefonte Underwriters Ins. Co.*, 758 F.2d 50, 52 (2d Cir.

1985) (affirming district court's holding, pursuant to law-of-the-case doctrine, that it lacked

jurisdiction to consider Rule 60(b) motion following appellate decision because movant cited no

"material change of circumstances or newly discovered evidence").  Accordingly, Plaintiff's

motion must be denied.

---

[3] "Pl.'s Mot." refers to the notice of motion for reconsideration and memorandum of law filed by Plaintiff on July 23, 2019.  (Doc. 95.)

## IV.    <u>Conclusion</u>

For the foregoing reasons, Plaintiff's second motion for reconsideration is DENIED.  The

Clerk of Court is respectfully directed to terminate the open motion at Document 95, and mail a

copy of this order to the pro se plaintiff.

SO ORDERED.

Dated: April 23, 2020
      New York, New York

Vernon S. Broderick
United States District Judge